## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BEVERLY ANSLEY**, | ) | |
| by and through Carol Cathcart, | ) | |
| Next Friend and Attorney-in-Fact, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1382-D |
| | ) | |
| **ED LAKE**, Director of the Oklahoma | ) | |
| Department of Human Services; and | ) | |
| **JOEL NICO GOMEZ**, Director of the | ) | |
| Oklahoma Health Care Authority, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Plaintiff Beverly Ansley, by and through her next friend and attorney-in-fact, brings this action against Ed Lake, Director of the Oklahoma Department of Human Services ("OKDHS") and Joel Gomez, Director of the Oklahoma Health Care Authority ("OHCA"). OKDHS and OHCA administer Medicaid, which is a means-tested program. OKDHS denied Plaintiff's application for Medicaid benefits and Plaintiff challenges that denial, alleging Defendants violated her rights under certain federal statutes and regulations that are enforceable under 42 U.S.C. § 1983.[1]

---

[1] Plaintiff's original complaint alleged Defendants failed to promptly issue a decision regarding her eligibility for benefits. After her application was denied, Plaintiff filed an Amended Complaint that frames the present dispute.

Defendants move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

The following facts are taken from the Amended Complaint, accepted as true, and viewed in the light most favorable to Plaintiff. *Carroll v. Lawton Indep. Sch. Dist. No. 8*, 805 F.3d 1222, 1226 (10th Cir. 2015) (court accepts all well-pleaded factual allegations in the complaint as true and views such allegations in the light most favorable to the non-moving party). Plaintiff is in a nursing home, where, due to a fall, she is unable to walk and has memory difficulties. She cannot care for herself and requires assistance with most of her daily activities. By virtue of a Durable Power of Attorney, her daughter acts as her attorney-in-fact. On February 17, 2014, Plaintiff and her husband loaned cash and transferred their non-producing mineral interests to their five children. In return, the children executed a promissory note in the amount of $400,000.

One month later, Plaintiff applied for Medicaid benefits with OKDHS. In a Notice of Denial, OKDHS informed Plaintiff her application was being denied for the following reasons: (1) Plaintiff and her husband's farmland could not be considered an exempt resource because Plaintiff's husband ended his farming partnership and executed a lease of the farmland; (2) the promissory note executed by Plaintiff's children was a "countable resource" worth more than $2,000; and (3) the promissory

2

note was a "transfer without receipt of fair market value." Plaintiff's husband subsequently terminated the farming lease and entered into a crop share agreement for the land. According to Plaintiff, this eliminated the underlying issues for OKDHS's first reason for denial. As to the promissory note, Plaintiff contends it is neither a countable resource, liquid asset, nor a transfer without receipt of fair market value, since it cannot be transferred.

Plaintiff's action seeks both injunctive and declaratory relief. Plaintiff's request for injunctive relief asks the Court to order Defendants to cease denying Medicaid coverage to Plaintiff and certify her eligible for such benefits "from the first day of the third month prior to the month in which application was made, as allowed by statute, and to pay Medicaid benefits accordingly." *See* Compl., p. 7 (Prayer for Relief). Plaintiff's declaratory judgment action seeks a declaration that Defendants have violated and continue to violate Plaintiff's federal rights by failing to certify her as eligible for Medicaid benefits. *Id*.

Defendants move to dismiss the Amended Complaint for three reasons. First, Defendants contend the Amended Complaint alleges new information that was not part of the original record, and therefore, this Court should exercise its discretion under the prudential mootness doctrine and dismiss the action pending its consideration of a new, amended application from Plaintiff. Second, Defendants

contend the Amended Complaint fails to state a claim upon which relief can be granted, as the statutory and regulatory provisions at issue do not grant an enforceable right under § 1983. Lastly, Defendants request that the Amended Complaint be dismissed on Eleventh Amendment immunity grounds to the extent Plaintiff seeks retroactive injunctive and/or declaratory relief [Doc. Nos. 21, 22].[2] Plaintiff has filed her response in opposition [Doc. Nos. 23, 24]. The matter is fully briefed and at issue.

## STANDARD OF DECISION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. That the Court accepts them as true, however, does not mean the allegations in a complaint are in fact true; a plaintiff is not required to prove her case at the pleading stage. *Glover v. Mabrey*, 384 F. App'x 763,

---

[2]In lieu of filing a separate motion to dismiss, Defendant Lake adopts the statements and arguments raised in Defendant Gomez's motion.

772 (10th Cir. 2010) (unpublished). The complaint must allege facts which "give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

Even in this post-*Iqbal/Twombly* era, in reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court neither assesses the legal feasibility of the complaint nor does it weigh the evidence which might be offered at trial. *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) ("on a motion to dismiss for failure to state a claim, the question below was 'not whether [the plaintiff would] ultimately prevail' on [her] ... claim ... but whether [her] complaint was sufficient to cross the federal court's threshold[.]") (citation omitted); *Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1207, (D.N.M. 2010) ("In adjudicating a motion to dismiss, a court may neither grant the motion because it believes it is unlikely the plaintiff can prove the allegations . . . nor may it 'weigh potential evidence that the parties might present at trial' in assessing the motion's merit[.]") (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008); *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001)).[3]

---

[3]The Court may, however, weigh the evidence and make factual findings when considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Los Alamos Study Group v. U.S. Dept. of Energy*, 692 F.3d 1057, 1063 (10th Cir. 2012).

Granting a motion to dismiss remains "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001) (internal quotation marks omitted)). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

The Medicaid program was established in 1965 as Title XIX of the Social Security Act. *See* 42 U.S.C. §§ 1396 *et seq*. Medicaid is a needs-based entitlement program providing joint federal and state funding of medical care for specified classes of individuals found to be unable to pay their own medical costs. *See* 42 U.S.C. § 1396d. For eligibility purposes, individuals are divided into two groups: those who are "categorically needy" and those who are "medically needy." Title XIX *requires* states to provide medical assistance to the "categorically needy" – those individuals who qualify for Medicaid because they receive some form of federal cash assistance. *Hern v. Beye*, 57 F.3d 906, 910 (10th Cir. 1995) (citing 42 U.S.C. § 1396a(a)(10)(A)(i); 42 C.F.R. §§ 436.100 *et seq.*). Conversely, states *may*, at their option, cover "medically needy" individuals – people who do not qualify as categorically needy but

nevertheless cannot afford adequate medical care. *Id*. (citing 42 U.S.C. § 1396a(a)(10)(A)(ii); 42 C.F.R. §§ 436.300 *et seq*.). The Amended Complaint contends Plaintiff is medically needy. *See* Compl., ¶ 24 ("Mrs. Ansley is without sufficient income or resources to pay for her nursing home care. Mrs. Ansley is unable to provide for her own medical care, shelter, clothing, and other necessities."). Defendants, however, contend Plaintiff's request is the result of strategic "Medicaid planning" and flies in the face of Medicaid's purpose, which is to provide for the needy, and not those who reduce or eliminate certain assets that would otherwise render them ineligible. Mot. to Dismiss, p. 2.

At the onset, the Court, in its discretion, declines to dismiss this case under the prudential mootness doctrine. "The party asserting mootness bears the heavy burden of persua[ding] the court that the challenged conduct cannot reasonably be expected to start up again." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1121 (10th Cir. 2010) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 189 (2000) (alterations in original, internal quotation marks omitted)). A case is considered moot either "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, __ U.S. __, 133 S.Ct. 1017, 1023, 185 L.Ed.2d 1 (2013). Indeed, a federal court's duty "is to decide actual controversies by a judgment which can be carried into

effect, and not to give opinions upon moot questions or abstract propositions." *Leser v. Berridge*, 668 F.3d 1202, 1207 (10th Cir. 2011) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

Under the prudential mootness doctrine, even if a case is not constitutionally moot, a court may dismiss the case if the case "is so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant" by dismissing the claim for lack of subject matter jurisdiction. *Rio Grande Silvery Minnow*, 601 F.3d at 1121 (citation omitted); *MBIA Ins. Corp. v. F.D.I.C.*, 708 F.3d 234, 245 (D.C. Cir. 2013). In the present case, the issue surrounding Plaintiff's farmland was but one basis for the denial of her application for Medicaid coverage. Even assuming the application was reversed as to the farmland issue, Plaintiff's application was still denied because, according to OKDHS, the $400,000 promissory note was a countable resource worth more than $2,000 and constituted a transfer without receipt of fair market value. OKDHS has expressed no intent to revisit this issue; thus, the matter of Plaintiff's Medicaid eligibility remains "live," and a ruling by this Court would impact any legally cognizable interest. Accordingly, Defendants' request for dismissal for lack of subject matter jurisdiction is denied.

Defendants next argue that Plaintiff has failed to establish a cause of action under § 1983 via the statutes cited in the Amended Complaint. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Plaintiff alleges the determination regarding her ineligibility for Medicaid benefits violated rights guaranteed by 42 U.S.C. § 1396a(a)(8), 42 U.S.C. § 1396p(c)(2)(C), 42 U.S.C. § 1396p(c)(1)(I), and 42 U.S.C. § 1382b(a)(3). Section 1983 actions may be brought against state actors to enforce rights created by federal statutes as well as the Constitution. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 279 (2002). In order to confer a private right of action, however, Congress must have spoken "with a clear voice" and manifested an "unambiguous" intent to confer individual rights. *Id*. In making this determination, the Court examines the following three factors:

> First, Congress must have intended that the provision in question benefit the plaintiff. Second, the plaintiff must demonstrate that the right assertedly protected by the statute is not so vague and amorphous that its enforcement would strain judicial competence. Third, the statute must unambiguously impose a binding obligation on the States. In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms.

*Hobbs ex rel. Hobbs v. Zenderman*, 579 F.3d 1171, 1179 (10th Cir. 2009) (quoting *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997)).

Section 1396a(a)(8) provides "[a] State plan for medical assistance must ... provide that all individuals wishing to make application for medical assistance under the plan shall have opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals[.]" *Id.* Defendants concede that the weight of authority, which includes decisions from this district and the Northern District of Oklahoma, provides § 1396a(a)(8) can be enforced through a § 1983 action. Mot. to Dismiss, p. 12 n. 8; Resp. to Mot. to Dismiss, p. 8. In light of this well-established federal law, the Court also finds §1396a(a)(8) meets the *Blessing* test and creates a private right of action.

Section 1396p(c)(2)(C) provides, in relevant part, "[a]n individual shall not be ineligible for medical assistance ... to the extent that a satisfactory showing is made to the State ... that (i) the individual intended to dispose of the assets either at fair market value, or for other valuable consideration, (ii) the assets were transferred exclusively for a purpose other than to qualify for medical assistance, or (iii) all assets transferred for less than fair market value have been returned to the individual[.]" *Id.* Judges Cauthron and Miles-LaGrange of this district previously found this section satisfied all prongs of the *Blessing* test in that (1) Congress intended this section to

10

benefit plaintiff, (2) it was not so "vague and amorphous" that its enforcement would "strain the judicial competence," and (3) the section unambiguously imposes a binding obligation on the states. *Clayton ex rel. Clayton v. Lake*, No. CIV-13-M, 2014 WL 223061, at *3 (W.D. Okla. Jan. 24, 2014); *Lemmons v. Lake*, No. CIV-12-1075-C, 2013 WL 1187840, at *3 (W.D. Okla. Mar. 21, 2013), *vacated as moot, Lemmons v. Lake*, No. CIV-12-1075-C, 2013 WL 6913757, (W.D. Okla. June 28, 2013). The Court agrees with these decisions and finds § 1396p(c)(2)(C) confers a private right of action. The statute contains the rights-creating language indicating congressional intent to invoke an individual entitlement for a certain benefitted class; it does so in clear terms and its use of the word "shall" indicates a mandatory, as opposed to a discretionary, instruction.

Conversely, the Court finds § 1396p(c)(1)(I) fails to contain the requisite "rights-creating" language. Relevant here, it only requires a promissory note to meet certain criteria before it may be considered an "asset." Lastly, § 1382b(a)(3) provides that "[i]n determining the resources of an individual (and [her] eligible spouse, if any) there shall be excluded ... other property which is so essential to the means of self-support of such individual (and such spouse) as to warrant its exclusion ... except that the Commissioner of Social Security shall not establish a limitation on property (including the tools of a tradesperson and the machinery and livestock of a farmer)

that is used in a trade or business or by such individual as an employee[.]" *Id*. The Court finds this section also fails the *Blessing* test in that it does not contain the rights-creating language indicating congressional intent to invoke an individual entitlement for a certain benefitted class. Rather, it only provides the methodology which must be used in determining an applicant's resources.

Therefore, although certain statutory provisions may be inapplicable, the Court finds the Amended Complaint nevertheless states a cause of action under § 1983. At this juncture, the Court is not required to assess the legal feasibility of the Amended Complaint or weigh the evidence. The crux of Plaintiff's pleading is the alleged wrongful denial of her Medicaid eligibility. As stated above, even if the Court were to believe Plaintiff would likely not prevail on some of the authorities set forth in the Amended Complaint, such belief would not justify the harsh remedy of granting Defendants' motion, on this issue, at this stage of the proceedings.

Turning to Defendants' challenge to the nature of the relief requested, the Court finds Defendants' motion should be granted in part. The Amended Complaint seeks the following relief:

> (1) Preliminary and permanent injunctions ordering Defendants to cease denying Medicaid coverage to Plaintiff, and ordering Defendants to certify Plaintiff eligible for coverage from the first day of the third month prior to the

month in which application was made, as allowed by statute, and to pay Medicaid benefits accordingly;

(2)   Declaratory relief that Defendants have violated and are violating Plaintiff's federal rights by failing to certify her eligible for Medicaid benefits;

(3)   That the relief awarded herein shall be at least effective as of the first day of the third month before the month in which the application was made, in accordance with 42 U.S.C. § 1396a(a)(34);

(4)   An award of attorney's fees and costs; and

(5)   Any other relief deemed just and equitable.

Compl., p. 7 (Prayer for Relief). Among other things, the Eleventh Amendment generally bars suits brought by individuals against state officials acting in their official capacities. In *Ex parte Young*, the Supreme Court announced an exception to Eleventh Amendment sovereign immunity by holding a plaintiff may obtain *prospective* equitable relief against a state official in federal court. *Ex parte Young*, 209 U.S. 123, 158-59 (1908); *Garramone v. Romo*, 94 F.3d 1446, 1452 (10th Cir. 1996) ("While the Eleventh Amendment bars actions for monetary damages to be paid by the state ... it does not bar claims against state officers for prospective relief[.]") (citing *Young*).

The doctrine has several limitations, two of which are relevant here: it applies only to ongoing violations – not suits seeking retroactive or compensatory wrongs. *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986) ("*Young* has been focused on cases

13

in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past"). Further, the doctrine does not permit an award for relief that is the practical equivalent of money damages, even if it is characterized as equitable. *Edelman v. Jordan*, 415 U.S. 651, 668 (1974). But if monetary damages are *necessary* in conjunction with prospective declaratory or injunctive relief, then "[s]uch an ancillary effect on the state treasury is a permissible and often an inevitable consequence of the principle announced in *Ex parte Young*." *See id.*; *Hutto v. Finney*, 437 U.S. 678, 692 (1978) (holding that award of attorneys' fees ancillary to injunction did not violate the Eleventh Amendment); *Lewis v. N.M. Dept. of Health*, 261 F.3d 970, 977 (10th Cir. 2001).

The Tenth Circuit has adopted the following factors to determine whether the doctrine applies: (1) whether the action is against the state officials or the state itself; (2) whether the alleged conduct by the state officials constitutes a violation of federal law; (3) whether the relief sought is permissible prospective relief or analogous to a retroactive award of damages; and (4) whether the suit implicates "special sovereignty interests" and is the "functional equivalent" of a form of legal relief against the state that would otherwise be barred by the Eleventh Amendment. *Elephant Butte Irr. Dist.*

*v. Dept. of Interior*, 160 F.3d 602, 609 (10th Cir.1998) (citations omitted) *cert. denied*, 526 U.S. 1019 (1999).

Plaintiff's suit is brought against the individual defendants in their official capacities. Compl., p. 1. Plaintiff has asserted, in this Court's view, a non-frivolous violation of federal law, i.e., the wrongful denial of her Medicaid eligibility. Therefore, the first two factors have been met. As to the third factor, the Court finds Plaintiff's request for preliminary and permanent injunctive relief is not barred under the Eleventh Amendment, as it is prospective in nature. *See Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir.1998) ( "[A] suit against a state official in his or her official capacity seeking prospective injunctive relief is not ... against the state for Eleventh Amendment purposes."). However, Plaintiff's request for declaratory relief is retroactive, and thus barred, since she seeks a declaration that Defendants violated her rights by not granting her application for Medicaid benefits. *See Buchwald v. Univ. of N.M. School of Medicine*, 159 F.3d 487, 494-95 (10th Cir. 1998); *Meiners v. Univ. of Kansas*, 239 F. Supp. 2d 1175, 1198 (D. Kan. 2002) ("although the Eleventh Amendment does not prohibit a suit brought in federal court to prospectively enjoin a state official from violating federal law ... declaratory relief is not the type of remedy designed to prevent ongoing violations of federal law, and the Eleventh Amendment 'does not permit judgments against state officers declaring

that they violated federal law in the past.'") (citations omitted), *aff'd*, 359 F.3d 1222 (10th Cir. 2004).

Nevertheless, to the extent Plaintiff seeks retroactive payments in the event this Court deems her eligible for Medicaid, as indicated in the Amended Complaint, the Court finds such payments are ancillary to her request for non-monetary prospective relief and not barred by *Young*. *See Morenz v. Wilson-Coker*, 415 F.3d 230, 237 (2d Cir. 2005) ("[T]he order that payments begin retroactively is not compensation for accrued liability, but is rather an incident of the present eligibility determination required by the Medicaid statute itself. ... Back payments are therefore necessary to compliance with the district court's prospective order.").

Lastly, regarding the fourth factor, the Court finds the injunctive relief that is permitted under law only enjoins an alleged continuing violation of federal law and does not implicate special sovereignty interests. *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1287 (10th Cir. 1999) ("A state's interest in administering a welfare program at least partially funded by the federal government is not such a core sovereign interest as to preclude the application of *Ex parte Young*.") (citing *Doe v. Chiles*, 136 F.3d 709, 720 (11th Cir.1998)); *Lewis v. N.M. Dep't of Health*, 261 F.3d 970, 978 (10th Cir. 2001) ("Because the plaintiffs in the present case are challenging the administration of New Mexico's Medicaid plan, we conclude it is analogous to

*Valdez* and special sovereignty interests are not implicated."). Accordingly, in light of the foregoing analysis, Plaintiff is entitled to rely on *Ex parte Young* in support of her request for prospective injunctive relief and back payments, but not her request for declaratory relief.

## CONCLUSION

Accordingly, Defendants' Motions to Dismiss [Doc. Nos. 21, 22] are **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

**IT IS SO ORDERED** this 9th day of March, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE